UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND WRIGHT,<br><br>    Petitioner,<br><br>  v.<br><br>W. L. MUNIZ,<br><br>    Respondent. | Case No. 16-cv-01038-HSG (PR)<br><br>**ORDER ON INITIAL REVIEW; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>Re: Dkt. No. 2 |

On March 1, 2016, petitioner, a former state prisoner, filed a *pro se* habeas petition challenging the California Department of Corrections and Rehabilitation's ("CDCR") calculation of his release date. Petitioner reports that he was released from custody at Salinas Valley State Prison on May 11, 2015. The petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**BACKGROUND**

According to the petition, in September 2011, petitioner was convicted in Los Angeles County Superior Court of possession of cocaine base for sale. Because this was his second strike under California's Three Strikes Law, petitioner received a sentence of six years, to be served at 80%.

The present petition does not challenge the validity of petitioner's conviction or sentence. Rather, petitioner contends he was eligible for early release pursuant to an order issued on February 10, 2014 by the Three-Judge Court in *Coleman/Plata v. Brown*.

The *Coleman/Plata* actions are consolidated civil rights class actions pending in the United

States District Court for the Eastern District of California.[1]  The *Coleman* class action concerns the constitutional adequacy of the mental health care provided to CDCR inmates and involves the class of seriously mentally ill persons in California prisons.  The *Plata* class action concerns the constitutional adequacy of CDCR's inmate medical health care and involves the class of state prisoners with serious medical conditions.  The Three-Judge Court presiding over these class actions has issued various orders related to prison overcrowding and has required the State of California to undertake prison population reduction measures.

Petitioner contends that, pursuant to a February 10, 2014 order issued in the *Coleman/ Plata* actions, the CDCR was required to prospectively recalculate his release date so as to give him good time credits at 33.3%.  He also contends that the order made him eligible for additional "milestone completion credits" for completion of rehabilitative programs.  He asserts that the February 10, 2014 *Coleman/ Plata* order mandated his release on February 18, 2015.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner claims that the almost 3-month delay in his release violated his constitutional rights.  Liberally construed, the claim appears arguably cognizable under § 2254 and merits an answer from respondent.  *See Zichko v. Idaho*, 247 F.3d

---

[1] *Plata v. Brown*, No. C 01-1351 TEH, a class action pending in this District, and *Coleman v. Brown*, No. 90-0520 LKK-DAD, a class action pending in the Eastern District.  The *Plata* and *Coleman* class actions have been consolidated.

1 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus liberally).

However, petitioner does not appear to satisfy the requirement that he be "in custody" on the sentence he is attempting to challenge. The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed. *See* 28 U.S.C. §§ 2241(c), 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). This requirement is jurisdictional. *Id.* A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not "in custody" for the purposes of this court's subject matter jurisdiction and his petition may therefore be properly denied. *See De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990).

It also appears that the petition may be moot. Article III, Section 2, of the Constitution requires the existence of a "case" or "controversy" through all stages of federal judicial proceedings. This means that, throughout the litigation, the plaintiff or petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). An incarcerated convict's (or a parolee's) challenge to the validity of his conviction satisfies the case-or-controversy requirement, because the incarceration (or the restrictions imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by the invalidation of the conviction. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some "collateral consequence" of the conviction—must exist if the suit is to be maintained and not considered moot. *Id.* The rationale of *Spencer v. Kemna* also applies where a petitioner seeks to challenge his sentence rather than his conviction. That is, a challenge to a prison sentence becomes moot once the sentence has been served unless the petitioner continues to suffer collateral consequences. *See United States v. Palomba*, 182 F.3d 1121, 1123 (9th Cir. 1999).

These apparent procedural problems should be addressed before the court reaches the merits of the claim raised in the petition. If the petition is procedurally-barred, the litigants and

3

court need not expend resources addressing the claim in the petition. Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts, respondent must either (1) move to dismiss the petition on procedural grounds, or (2) inform the court that respondent is of the opinion that a motion to dismiss is unwarranted in this case.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Petitioner's *in forma pauperis* application is GRANTED.

2. The Clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on petitioner.

3. Respondent must file with the court and serve upon petitioner, within **ninety-one (91)** days of this order, a motion to dismiss the petition or a notice that respondent is of the opinion that a motion to dismiss is unwarranted. If respondent files a motion to dismiss, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **twenty-eight (28)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fourteen (14)** days of the date any opposition is filed.

4. The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion. If respondent notifies the court that a motion to dismiss is unwarranted or if the motion to dismiss is decided against respondent, the court will then determine whether to require an answer to the petition.

This order terminates Docket No. 2.

**IT IS SO ORDERED.**

Dated: 4/25/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge