UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAYMOND WRIGHT,

    Petitioner,

v.

W. L. MUNIZ, Warden,

    Respondent.

Case No. 16-cv-01038-HSG (PR)

**ORDER GRANTING MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY**

Re: Dkt. No. 6

On March 1, 2016, petitioner, a former state prisoner, filed a *pro se* habeas petition challenging the California Department of Corrections and Rehabilitation's ("CDCR") calculation of his release date. Petitioner was released from custody on May 11, 2015. Ex. 1.[1] Respondent has filed a motion to dismiss on the ground that Petitioner was not in custody at the time the petition was filed. Petitioner has not filed an opposition, and the time in which to do so has passed.

**BACKGROUND**

According to the petition, in September 2011, Petitioner was convicted in Los Angeles County Superior Court of possession of cocaine base for sale. Because this was his second strike under California's Three Strikes Law, Petitioner received a sentence of six years, to be served at 80%.

The petition does not challenge the validity of Petitioner's conviction or sentence. Rather, petitioner contends he was eligible for early release pursuant to an order issued on February 10, 2014 by the Three-Judge Court in *Coleman/Plata v. Brown*.

---

[1] Any references herein to exhibits are to the exhibits submitted by Respondent in support of the motion to dismiss.

1  The *Coleman*/*Plata* actions are consolidated civil rights class actions pending in the United
2  States District Court for the Eastern District of California.[2]  The *Coleman* class action concerns
3  the constitutional adequacy of the mental health care provided to CDCR inmates and involves the
4  class of seriously mentally ill persons in California prisons.  The *Plata* class action concerns the
5  constitutional adequacy of CDCR's inmate medical health care and involves the class of state
6  prisoners with serious medical conditions.  The Three-Judge Court presiding over these class
7  actions has issued various orders related to prison overcrowding and has required the State of
8  California to undertake prison population reduction measures.
9  Petitioner contends that, pursuant to a February 10, 2014 order issued in the *Coleman*/
10 *Plata* actions, the CDCR was required to prospectively recalculate his release date so as to give
11 him good time credits at 33.3%.  He also contends that the order made him eligible for additional
12 "milestone completion credits" for completion of rehabilitative programs.  He asserts that the
13 February 10, 2014 *Coleman*/*Plata* order mandated his release on February 18, 2015, and that the
14 delay in his release date violated his constitutional rights.

### DISCUSSION

The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed.  *See* 28 U.S.C. §§ 2241(c), 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).  This requirement is jurisdictional.  *See De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990).  A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not "in custody" for purposes of this court's subject matter jurisdiction.  *See id.*  When a *pro se* petitioner files a habeas petition challenging a prior conviction that has expired but is being used to enhance a current sentence, the district court should liberally construe the petition to be a challenge to the current "sentence, as enhanced by the allegedly invalid prior conviction."  *Dubrin v. People of California*, 720 F.3d 1095, 1097 (9th Cir. 2013).  Here, however, Petitioner has made no showing that he is subject to a current sentence that would

---

[2] *Plata v. Brown*, No. C 01-1351 TEH, a class action pending in this District, and *Coleman v. Brown*, No. 90-0520 LKK-DAD, a class action pending in the Eastern District.  The *Plata* and *Coleman* class actions have been consolidated.

be enhanced by the allegedly invalid prior sentence. A petitioner is not deemed "in custody" merely because of the possibility that future sentences for any subsequent crimes may be enhanced by an allegedly invalid prior conviction or sentence. *Maleng*, 490 U.S. at 492. Nor has Petitioner shown that he is subject to continuing court supervision based on his 2011 conviction and sentence. Because Petitioner is no longer in custody on the 2011 conviction and sentence, he may not attack it in a federal habeas proceeding, and the instant petition must be dismissed.

The petition must also be dismissed on the independent and alternative ground that it is now moot. Article III, Section 2, of the Constitution requires the existence of a "case" or "controversy" through all stages of federal judicial proceedings. This means that, throughout the litigation, the plaintiff or petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). An inmate's (or a parolee's) challenge to the validity of his conviction satisfies the case-or-controversy requirement, because the incarceration (or the restrictions imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by the invalidation of the conviction. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Once the inmate's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some "collateral consequence" of the conviction—must exist if the suit is to be maintained and not considered moot. *Id.* The rationale of *Spencer v. Kemna* also applies where a petitioner seeks to challenge his sentence rather than his conviction. That is, a challenge to a prison sentence becomes moot once the sentence has been served unless the petitioner continues to suffer collateral consequences. *See United States v. Palomba*, 182 F.3d 1121, 1123 (9th Cir. 1999). Here, Petitioner has received the redress he seeks by way of the instant petition—i.e., he has been released from custody—and there is no showing of collateral consequences. Accordingly, the petition must be dismissed as moot.

## CONCLUSION

For the foregoing reasons:

1. Respondent's motion to dismiss the petition is GRANTED.

2. Petitioner has not shown "that jurists of reason would find it debatable whether the

3

1   district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).
2   Accordingly, a certificate of appealability is DENIED.
3       3. The Clerk shall terminate all pending motions, enter judgment, and close the file.
4   **IT IS SO ORDERED.**
5   Dated: 1/12/2017

                                       HAYWOOD S. GILLIAM, JR.
                                       United States District Judge